DELBELLO DONNELLAN WEINGARTEN WISE &
WIEDERKEHR LLP
*Attorneys for the Debtor/Plaintiff*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Julie C. Curley, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

BROOKLYN RENAISSANCE LLC,                    Chapter 11
                                             Case No. 15-43122 (CEC)
                    Debtor.
----------------------------------------------------------------X
BROOKLYN RENAISSANCE LLC,

                    Plaintiff,              Adv. Pr. No. 15-

        v.

J.P. MORGAN MORTGAGE ACQUISITION CORP.,

                    Defendant.

----------------------------------------------------------------X

**COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIENS**

Plaintiff, BROOKLYN RENAISSANCE LLC, ("Plaintiff" or "Debtor" or "BR"), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, as and for its Complaint against defendant J.P. MORGAN MORTGAGE ACQUISITION CORP ("JP Morgan" or "Defendant"), respectfully represents upon knowledge as to itself and its conduct and upon information and belief as to all other matters:

## PRELIMINARY STATEMENT

Plaintiff is the owner of real property located at 107 W. 132nd Street, New York, New York (the "Property"). Defendant is the record holder of a mortgage against the Property and commenced an action to foreclose in Supreme Court, New York County under index no. 850288-2013. Previously, American Brokers Conduit had commenced a foreclosure against the same Property under index no 114176-2007 in October, 2007. That action was discontinued. Subsequently, Homesales Inc. commenced an action to foreclose based on the same note and mortgage in 2008, in an action encaptioned *Homesales Inc v Lydia Elliott*, Supreme Court, New York County, Index No. 108809-2008. That action, too, was discontinued by plaintiff. By this action, Plaintiff challenges the validity of Defendant's standing as a creditor or holder of a valid mortgage interest as a result of invalid assignment of mortgage and mortgage note and therefore seeks to determine the validity, extent and priority of Defendants' claims against and interests in and to the Property, if any.

## JURISDICTION

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§157(b)(2)(B), (K) and (O), and 1334.

2. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory basis for relief requested herein is §506 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq., (the "Bankruptcy Code") and Rules 7001(2), 7001(7), 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**5.** Additional jurisdiction is invoked pursuant to Section 1501 of Article 15 of New York's Real Property Actions and Proceedings Law ("RPAPL"), which allows an action to be

brought to compel the determination of any claim a defendant may have that is adverse to Plaintiff's interest in the property.

**PARTIES**

6. On July 6, 2015 (the "Petition Date") the Debtor filed the above-captioned Chapter 11 proceeding and was continued in the possession of its property and management of its affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7. The Debtor maintains this Action in its capacity as statutory trustee pursuant to Sections 1107 and 1108 of the Bankruptcy Code, with the capacity to sue and be sued.

8. No trustee, examiner or committee has heretofore been appointed in the Debtor's Chapter 11 case.

9. Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP is a corporation organized and existing under the laws of the State of New York.

10. Defendant J.P. MORGAN MORTGAGE ACQUISITION CORP is the current mortgagee of record for the subject Property.

F**ACTS**

11. The subject property is a multifamily property located at 107 W. 132nd Street, New York, New York (the "Property").

12. The Property had been previously owned by Lydia Elliott who had obtained a loan from American Brokers Conduit ("ABC") for $1,207,500 (the "Note").

13. As security for the payment of the Note, upon information and belief, the Property was mortgaged. A copy of the mortgage is attached as **Exhibit A** (the "Mortgage").

14. The Note was called in default by ABC in or about August of 2007.

15. An action was commenced to foreclose the Mortgage by ABC in October of 2007.

16. The Note was called in default prior to the commencement of the foreclosure action in October 2007.

17. The action was styled *American Brokers Conduit v Lydia Elliott et al,* Supreme Court, New York County, index no. 114176-2007.

18. ABC was the holder of the Note when that action was commenced.

19. The action was discontinued by stipulation of discontinuance filed on or about September 2, 2008

20. Upon information and belief, an assignment of mortgage was recorded in favor of Homesales Inc. ("Homesales") on or about August 27, 2008.

21. A copy of the recorded assignment of mortgage is attached as **Exhibit B** (the "First Assignment").

22. The First Assignment reflects a true and correct assignment of the underlying obligation.

23. Homesales acquired the Note and Mortgage from ABC.

24. Homesales commenced a foreclosure action on or about June 25, 2008.

25. That action was dismissed by application of the Plaintiff.

26. Homesales was the holder of the Note and Mortgage at the time of the commencement of the action.

27. The complaint alleges that Homesales received its interest in the Note and Mortgage "by assignment dated the 20th day of June, 2008 and sent for recording in the Office of the Clerk of New York County."

28. A further assignment of mortgage (the "Second Assignment") was filed in the New York County land records on or about May 1, 2013 purporting to assign the interest in the Note and Mortgage to Defendant JP Morgan.

29. A copy of the Second Assignment is attached as **Exhibit C.**

30. Yet another assignment (the "Third Assignment" together with the First Assignment and Second Assignment, the "Recorded Assignments") of mortgage was recorded in favor of Defendant JP Morgan on or about September 16, 2013.

31. A copy of the Third Assignment is attached as **Exhibit D.**

32. The Third Assignment purportedly corrects the Second Assignment.

33. The Third Assignment allegedly reflects a true transfer in the underlying note and mortgage.

34. JP Morgan allegedly acquired its interest in the Note and Mortgage from Homesales.

35. JP Morgan commenced an action to foreclose the mortgage on or about October 1, 2013.

36. A copy of the JP Morgan complaint filed is attached as **Exhibit E** (the "JP Morgan Complaint").

37. The JP Morgan Complaint recites JP Morgan's source of interest in the Mortgage.

38. Paragraph 6 of the Complaint alleges:

> The Mortgage was duly recorded in The New York County City Register's Office on June 14, 2007, as CRFN 2007000309185 and the recording tax was duly paid. A copy of the Mortgage is annexed hereto as Exhibit C. An assignment of Mortgage was recorded on August 27, 2008, as CRFN 2008000342550 in The New York County City Register's Office. An assignment of Mortgage was recorded on May 1, 2013, as CRFN 2013000173468 in The New York County City Register's Office. The Note and Mortgage were further tendered and transferred to the Plaintiff to

5

>      correct the assignor's name by an Assignment of Mortgage recorded September 16, 2013 in The New York County City Register's Office as CRFN 2012000377229. Copies of the Assignments of Mortgage are annexed hereto as Exhibit D."

39. This recitation is allegedly a true reflection of the chain of title of the Note and Mortgage in the underlying action.

40. A copy of the assignments were filed by Defendant in the foreclosure action are attached as **Exhibit F**.

41. These assignments are allegedly true and correct reflections of the chain of title of the underlying Note and Mortgage.

42. An attorney affirmation was filed in conjunction with Defendant's foreclosure action.

43. A copy of that attorney affirmation is attached as **Exhibit G** –Certificate of Merit.

44. Christopher Virga signed the attorney affirmation ("Affirmation").

45. According to the Affirmation, Christopher Virga reviewed the assignments of mortgage in connection with this foreclosure.

46. According to the Affirmation, Christopher Virga consulted with Joyce K. McMillan in conjunction with his review of the file.

47. According to the Affirmation, Joyce K. McMillan is the Vice President of J.P. Morgan Acquisition Corp.

48. Joyce K. McMillan has access to the documents necessary to review the accuracy of the assignments in conjunction with the foreclosure action.

49. According to the Affirmation, Christopher Virga reviewed the original Note.

50. According to the Affirmation, Joyce K. McMillan reviewed the original Note.

51. According to the Affirmation, Joyce K. McMillan reviewed the Recorded Assignments.

52. According to the Affirmation, Christopher Virga reviewed the Recorded Assignments.

53. The Recorded Assignments of Mortgage are true and correct reflections of the chain of title of the subject Note and Mortgage.

54. Defendant's interest in the Note and Mortgage was conveyed pursuant to the chain of assignments described in the JP Morgan Complaint.

55. Upon information and belief, Homesales was at no time in possession of the original Note.

56. Upon information and belief, Homesales was at no time in possession of a valid or enforceable allonge attached to the original Note.

57. Upon information and belief, Homesales at no time held a valid and enforceable assignment of the underlying Note or Mortgage on the Property.

58. Upon information and belief, Defendant is not in possession of the original Note.

59. Upon information and belief, Defendant is not in possession of a valid or enforceable allonge attached to the original Note.

60. Upon information and belief, JP Morgan does not hold a valid and enforceable assignment of the underlying Note or Mortgage on the Property.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment Against JP Morgan)

61. The allegations in paragraphs 1- 60 of this Complaint are realleged and specifically incorporated herein by reference.

62. Pursuant to §506 of Bankruptcy Code, the Debtor seeks a determination by this Court as to the nature, extent, validity and priority of Defendant's interest in the Property.

63. Debtor alleges that JP Morgan was not granted an enforceable claim or interest against the Property by virtue of the purported Recorded Assignments.

64. An actual controversy exists between Plaintiff and Defendant with regard to the nature, extent, validity and priority of Defendant's interest in the Property.

65. It is therefore necessary that this Court declare the actual rights and obligation of the parties and make a determination as to the validity, nature, extent and priority of Defendant's liens and interest in the Property.

66. Debtor/Plaintiff therefore seeks a judgment declaring that Defendant does not have a valid lien, secured claim or other interest or claim against the Property, the Debtor or its estate.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Extinguishment of Lien Pursuant to RPAPL 1501 (4) )**

67. The allegations in paragraphs 1- 27 of this Complaint are realleged and specifically incorporated herein by reference.

68. Pursuant to RPAPL 1501 (4), "where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall

be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price".

69. Debtor alleges that Defendant' claims and interests in the Property, if any, are also statutorily time barred and therefore seeks cancellation of the Mortgage.

70. Debtor/Plaintiff therefore seeks a judgment cancelling the Mortgage and extinguishing same from the New York County land records.

**WHEREFORE**, Debtor prays this Court (1) determine the nature, extent, validity and priority of the claims and liens held by Defendant, (2) declare that Defendant has no claims or interests against either the Debtor or the Property, (3) direct the cancellation and striking of said mortgage form the New York County land records and (4) order that the Office of the New York City Register be directed to execute any and all documents necessary to strike any of Defendant's mortgage and liens off the public record, together with such other and further relief as is just and equitable.

Dated: White Plains, New York
July 8, 2015

                                                 DELBELLO DONNELLAN WEINGARTEN
                                                 WISE & WIEDERKEHR LLP
                                                 *Attorneys for the Debtor/Plaintiff*
                                                 One North Lexington Avenue, 11th Floor
                                                 White Plains, New York 10601
                                                 (914) 681-0200

                                                 By: */s / Jonathan S. Pasternak*
                                                      Jonathan S. Pasternak