NITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
In re:

Chapter 11

BROOKLYN RENAISSANCE, LLC,                     Case No. 15-43122-CEC

Debtor.

--------------------------------------------------------------------X

**ORDER (I) AUTHORIZING THE SALE OF 555 AND 557 UNION STREET,
BROOKLYN, NEW YORK, FREE AND CLEAR OF ALL LIENS, CLAIMS,
INTERESTS, AND ENCUMBRANCES, (II) GRANTING THE SUCCESSFUL
BIDDER GOOD FAITH STATUS, (III) WAIVING THE FOURTEEN DAY
STAY OF SALE ORDER, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of Brooklyn Renaissance, LLC, the above captioned

debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor"), by its

attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, seeking *inter alia* entry of

an Order (i) establishing bidding procedures to govern the sale of certain of the Debtor's real

property located at 555 Union Street, Brooklyn, NY ("555 Union") and 557 Union Street,

Brooklyn, NY ("557 Union," collectively the "Properties") as further defined in the Purchase and

Sale Agreement dated August 30, 2015 (the "PSA", annexed to the Motion as between the Debtor

and JJCC Real Estate LLC, or its designee (the "Purchaser")[2]), (ii) approving Break-Up Fee (as

defined in the PSA), (iii) scheduling an auction to sell the Properties, subject to higher and better

bids (the "Auction"), and (iv) scheduling a hearing to approve the Sale of the Properties in

accordance with the Auction (the "Sale Hearing"); and objections to the Motion having been filed

by Maspeth Federal Savings and Loan Association ("Maspeth") and FIA 555 Union Holdings,

LLC ("FIA")(collectively, the "Objections"); and upon the record of the October 21, 2015 hearing

on the Motion (the "Sale Procedures Hearing"); and the Court having entered an order approving,

among other things, the PSA, the Bidding Procedures for the sale of the Properties, the form and

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Motion.
[2] There was a typographical error in the PSA, which named the Purchaser as "JCC Real Estate LLC" and  was
signed by "JJC Real Estate LLC". However, Purchaser's counsel confirmed in writing that correct name of the
Purchaser is "JJCC Real Estate LLC."

manner of the sale notice, the scheduling of an auction and sale hearing on the Properties, the scheduling of certain deadlines in connection therewith [ECF No. 44] ("Bidding Procedures Order"); and an auction having been conducted on November 17, 2015; and the Debtor having filed a Notice of Bids and Auction Report [ECF No. 57]; and the Purchaser in the amount of Three Million Eight Hundred Thousand Dollars ($3,800,000.00)(the "Successful Bid") found to be the highest and best bid for the Properties; and the Court having conducted a hearing on the Motion on November 18, 2015 to confirm the results of the Auction ("Sale Hearing"); and all parties-in-interest having been heard, or having had the opportunity to be heard, regarding the PSA, by and between the Debtor and the Purchaser; the Court having reviewed and considered the Motion, and the arguments of counsel made, and the evidence adduced, at the Bidding Procedures Hearing and the Sale Hearing; upon the record of the Bidding Procedures Hearing and the Sale Hearing and this Chapter 11 Case, and after due deliberation thereon, and good cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A.    This Court has jurisdiction over the Motion and the Sale of 555 Union and 557 Union pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b).

B.    Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.    The statutory predicates for the relief sought in the Motion are Sections 105(a), 363(b), (f) and (m), 503, and 507 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq., as amended ("Bankruptcy Code"), and Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h),  9007 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Rules 6004-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules"), and Administrative Order No. 557 of the United States Bankruptcy Court for the Eastern District of New York.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

D.      Based upon the affidavits of service filed with the Court [ECF Nos. 33, 46, and 50], (i) notice of the Motion, the Sale Procedures Hearing, the Sale Approval Hearing and the Auction of the Properties, was adequate and proper under the circumstances of this Chapter 11 case, (ii) the Debtor has complied with the various applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Bidding Procedures Order, (iii) all parties have had a reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein was afforded to all interested persons and entities and (iv) no further or other notice beyond that described in the foregoing is required in connection with the Motion.

E.      The Debtor extensively marketed the Properties and the Auction. Creditors, parties-in-interest, and other entities who may have been interested in bidding on the Properties have been afforded a reasonable opportunity to bid at Auction. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has also been afforded. The Objections filed with the Motion are being resolved as set forth herein.

F.      The Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders.  The Debtor undertook substantial marketing efforts, and conducted the sale process without collusion and in accordance with the Bidding Procedures Order.  The Debtor (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Properties, and (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Properties.

G.      As set forth in the Auction Report, no bidders other than the bid of the Purchaser were received by the Debtor. The Auction was conducted in accordance with the Sale Procedures Order and the highest and best bid was that of the Purchaser in the amount of Three Million Eight Hundred Thousand Dollars ($3,800,000.00).

H.      Purchaser is not an insider and is a good faith purchaser under section 363 (m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereunder.

I.      Neither the Debtor nor the Purchaser engaged in any conduct that would cause or permit the APA or the consummation of the sale to be avoided or costs or damages to be imposed under section 363(n) of the Bankruptcy Code, or has otherwise acted in any improper or collusive manner with any person.

J.      The total consideration provided for in the PSA for the Properties is fair and reasonable and is the highest and best offer received by the Debtor, and constitutes reasonably equivalent value under the Bankruptcy Code.

K.      The transfer of the Debtor's right, title and interest in the Properties to the Purchaser will be a legal, valid, enforceable, and effective transfer of the Properties, and will vest Purchaser with all of the Debtor's right, title and interest of, in and to the Properties, free and clear of all liens, claims, encumbrances and interests of any kind (including, without limitation, those of all federal, State and local taxing authorities), whether arising prior to or as a consequence of or subsequent to the commencement of the Chapter 11 case, whether arising in connection with the sale as authorized by this Order, whether imposed by agreement, understanding, law, equity or otherwise, whether secured or unsecured, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or un-matured, material or non-material, disputed or undisputed (the "Liens").  The Liens shall not include Maspeth's lien against the non-Debtor real property known as 85 Luquer Street, Brooklyn, NY (Block 373, Lot 52)

L.      Purchaser would not have entered into the PSA and would not consummate the sale, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Properties to the Purchaser, were not free and clear of the Liens.

M.      The Debtor may sell the Properties free and clear of all Liens, as set forth in this Order, because, with respect to each creditor asserting such Liens, one or more of the standards set forth in Sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Liens

4

received adequate notice, did not object and are deemed to have consented to the Motion and the Sale pursuant to Section 363(f)(2) of the Bankruptcy Code.

N.      Entry into the PSA, the agreements contemplated thereby and consummation of the sale constitutes a good and sufficient exercise by the Debtor of sound business judgment, and such acts are in the best interests of the Debtor, its estate and creditors, and all parties in interest.

**ORDERED ADJUDGED AND DECREED THAT:**

1.      The relief requested in the Motion is **GRANTED,** as set forth herein.

2.      Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with the Sale Procedures Order, the Bankruptcy Code and Bankruptcy Rules.

3.      The PSA is hereby approved and the Debtor is authorized to proceed with and directed to comply with the PSA and to close thereon by consummation of the transaction contemplated by contemplated the PSA, including receipt of payment of the Purchase Price from the Purchaser and delivery of a valid deed for the Properties to Purchaser (the "Closing") .

4.      Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, upon Closing, the Debtor shall convey the Properties to Purchaser, or such entity designated by Purchaser prior to the closing (as permitted in the PSA), free and clear of all Liens with all such Liens to attach to the proceeds of the sale in the order of their priority with the same validity, force and effect as of the Filing Date against the Properties, subject to any claims and defenses the Debtor, any affiliate, or related party may possess with respect thereto. Subject to Closing, all Liens shall be and hereby are released, terminated and discharged as to the Properties and all holders of such Liens shall forever be barred, estopped and permanently enjoined from asserting such Liens against Purchaser (inclusive of any assignee of Purchaser's who shall receive title of the Properties from the Debtor at closing) or any of its real or personal property including but not limited to the Properties.

5.      With respect to 555 Union, the Debtor shall be authorized to pay at Closing all non-disputed ordinary closing costs, including but not necessarily limited to, (i) New York State Transfer Taxes, (ii) New York City Transfer Taxes, (iii) outstanding New York City

Environmental Control Board violations arising out of and related to a violation assessed against 555 Union, (iv) outstanding New York City real estate taxes related to 555 Union, including any real estate taxes that may have been sold, transferred or otherwise assigned to a third party, (v) outstanding New York City Housing Preservation and Development violations related to 555 Union, (vi) any outstanding water and/or sewer charges, and (vii) all customary title charges. In accordance with the PSA, nothing contained herein shall be deemed an obligation or requirement of the Debtor to cure any violation with respect to 555 Union, and the property shall be conveyed to Purchaser subject to same. All remaining proceeds from the sale of 555 Union, after the forgoing payments are remitted at Closing, shall be deposited in the Debtor's counsel's escrow account where they shall remain pending further Order of this Court.

6.      With respect to 557 Union, the Debtor shall be authorized pay at closing all non-disputed ordinary closing costs, including but not necessarily limited to (i) New York State Transfer Taxes, (ii) New York City Transfer Taxes, (iii) outstanding New York City Environmental Control Board violations arising out of and related to a violation assessed against 557 Union, (iv) outstanding New York City real estate taxes related to 557 Union, including any real estate taxes that may have been sold, transferred or otherwise assigned to a third party, (v) outstanding New York City Housing Preservation and Development violations related to 557 Union, (vi) any outstanding water and/or sewer charges, and (vii) all customary title charges. All remaining proceeds from the sale of 557 Union, after the forgoing payments are remitted at Closing, shall be deposited in the Debtor's counsel's escrow account where they shall remain pending further Order of this Court.

7.      The Debtor and the Purchaser have entered into the PSA in good faith and the Purchaser is a good faith purchaser of the Properties as that term is used in Section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale.  Purchaser is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

8.      Pursuant to Sections 105 and 363 of the Bankruptcy Code, the Debtor and the Purchaser are each hereby authorized and the Debtor is hereby directed, without the need for any further Order of the Court, to take any and all actions necessary or appropriate to: (a) consummate the sale of the Properties in accordance with the Motion, the PSA and this Order; (b) perform, consummate, implement and close on the PSA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the PSA.

9.      The consideration provided by the Purchaser for the Properties under the PSA shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the sale may not be avoided, or costs or damages imposed or awarded, under Section 363(n) of the Bankruptcy Code or any other provision of the Bankruptcy Code or any other applicable state laws.

10.     Subject to the Closing, this Order (a) is and shall be effective as a determination that, all Liens of any kind or nature whatsoever existing as to the Properties prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) is and shall be binding upon and shall authorize all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Properties conveyed to the Purchaser.  Subject to the Closing, all such entities described above in this paragraph are authorized and specifically directed to strike all recorded Liens against the Properties from their records, official and otherwise.

11.     In the event that Purchaser fails to close on the sale in accordance with the terms of the PSA and/or this Order, through no fault of the Debtor, Purchaser's deposit shall be forfeited to the Debtor's estate, without the need for further Order of this Court, and Purchaser shall waive any

and all rights to object to or otherwise seek recovery of said forfeited deposit or assert any other claims, rights or interests against or to the Debtor, the Properties or the Debtor's estate.

12.    To the extent this Order is inconsistent with any prior order or pleading in this Chapter 11 case, the terms of this Order shall govern.  To the extent there is any inconsistency between the terms of this Order and the terms of the PSA (including any ancillary documents executed in connection therewith), the terms of the Order shall govern.

13.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order, including the authority to:  (a) interpret, implement and enforce the terms and provisions of this Order (including the injunctive relief provided in this Order) and the terms of the PSA, the ancillary agreements contemplated thereby, all amendments thereto and any waivers and consents thereunder; (b) protect the Purchaser, and the Properties, from and against any Liens; (c) compel delivery of all  Properties to the Purchaser; (d) compel Purchaser and the Debtor to perform all of their obligations under the PSA; (e) resolve any disputes arising under or related to the PSA or the Sale; and (f) provide any further relief that is necessary or appropriate in furtherance of this Order or the Sale.

*[Remainder of this page left intentionally blank] (CEC)*

14.    Notwithstanding any provision in the Bankruptcy Rules or the Local Bankruptcy Rules to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the Debtor is not subject to any stay, including without limitation the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d), in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

15.    ***This Order is without prejudice to rights of the Debtor or the Purchaser to seek any applicable remedy under the PSA. (CEC)***



**Dated: Brooklyn, New York**
      **November 24, 2015**

_____
      **Carla E. Craig**
  **United States Bankruptcy Judge**