UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
In re:

                                       Chapter 11

BROOKLYN RENAISSANCE, LLC,                  Case No. 15-43122-CEC

                           Debtor.

--------------------------------------------------------------------X

## ORDER (I) APPROVING BIDDING PROCEDURES, (II) APPROVING TERMINATION FEES, AND (III) SCHEDULING AN AUCTION AND SALE HEARING WITH RESPECT TO THE SALE OF THE DEBTOR'S REAL PROPERTY LOCATED AT 84 CLINTON STREET, BROOKLYN, NEW YORK AND 300 VAN BRUNT STREET, BROOKLYN, NEW YORK

Upon the motion (the "Motion")[1] of Brooklyn Renaissance, LLC, the above captioned debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor"), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, seeking *inter alia* entry of an Order (i) establishing bidding procedures to govern the sale of certain of the Debtor's real property located at 84 Clinton Street, Brooklyn, NY ("84 Clinton") as further defined in the Purchase and Sale Agreement dated August 10, 2015 between the Debtor and MGJR Nominee LLC, or its assignee (the "MGJR") (the "Clinton PSA"), annexed to the Motion as Exhibit "C" and the Debtor's real property located at 300 Van Brunt Street, Brooklyn, NY ("300 Van Brunt", together with 84 Clinton, the "Properties") as further defined in the Purchase and Sale Agreement dated September 8, 2015 between the Debtor and The Other Half LLC, or its assignee (the "Other Half") (the "Van Brunt PSA"), annexed to the Motion as Exhibit "D", (ii) approving the respective Termination Fees (as defined in the Clinton PSA and Van Brunt PSA), (iii) scheduling an auction to sell the Properties, subject to higher and better bids (the "Auction"), and (iv) scheduling a hearing to approve the Sale of the Properties in accordance with the Auction (the "Sale Hearing");

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Motion.

and the deed to 84 Clinton currently being held ninety percent (90%) by PJ McGown, a minor

("PJ"), and ten percent (10%) by the Debtor[2]; and the deed to 300 Van Brunt currently being held

by Annabelle McGown, a minor ("Annabelle"), subject to the right of the Debtor to purchase 300

Van Brunt from Annabelle for one hundred thousand dollars ($100,000.00) (the "Option"); and

upon the commencement of guardianship proceedings in the Kings County Surrogates Court (New

York State) on behalf of PJ and Annabelle to appoint respective guardians to, *inter alia,* convey

the remaining 90% interest in 84 Clinton and 100% interest in 300 Van Brunt, pursuant to the

Option, to the Debtor in order to effectuate a sale of the respective Properties in connection with

the Motion and this Order; and objections to the Motion having been filed by Maspeth Federal

Savings and Loan Association ("Maspeth") and FIA 555 Union Holdings, LLC

("FIA")(collectively, the "Objections"); and upon the record of the October 21, 2015 and

November 18, 2015 hearings on the Motion (the "Sale Procedures Hearings"); and the Court

having reviewed and considered the Motion, and the arguments of counsel made, and the evidence

adduced, at the Sale Procedures Hearings; upon the record of the Sale Procedures Hearings and

this Chapter 11 case, and after due deliberation thereon, and good cause appearing therefor,

ORDERED, that the Motion is granted to the extent set forth herein. All objections to the

Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing

on this Motion are overruled; and it is further

ORDERED, the Clinton PSA and Van Brunt PSA are hereby approved, subject to higher

and better bids at an Auction, and the Debtor is authorized, subject to final approval by the

Bankruptcy Court, to sell  84 Clinton and 300 Van Brunt at the Sale Hearing pursuant to 11 U.S.C.

Section 363(b), (f) and (m), free and clear of all liens, claims, encumbrances and interests

---

[2] The conveyance of the 10% interest in 84 Clinton from Brooklyn Theatrical Corp. to the Debtor is pursuant to an unrecorded and unacknowledged deed dated June 25, 2015.

(collectively, "Liens") with all such Liens to attach to the proceeds of sale in the same nature, extent, validity and priority as such Liens existed on the date of the filing of the Chapter 11 case (the "Sale"); and it is further

ORDERED, that the Debtor is authorized to receive title to the remaining 90% interest in 84 Clinton and 100% interest in 300 Van Brunt, ~~pursuant to the Option~~ *(CEC)*, and to execute all such documents and take such steps as is necessary to effectuate same; and it is further

ORDERED, that all proceeds of the Sale not otherwise authorized by the Bankruptcy Court to be paid at the closing of the Sale of the respective Properties shall be held in Debtor's counsel's escrow account pending further Order of the Bankruptcy Court; and it is further

ORDERED, that upon conveyance of the respective deeds for 84 Clinton and 300 Van Brunt, the Debtor shall file a notice on the docket for this Chapter 11 case  notifying parties-in-interest of such conveyance and conformed Bidding Procedures; and it is further

ORDERED, that the Debtor is authorized to conduct an Auction for the Sale of the Properties in accordance with the Bidding Procedures, substantially in the form annexed hereto as Exhibit "A," subject to being conformed with the dates for the Bidding Deadline, Auction and Sale Hearing (the "Bidding Procedures"), which Bidding Procedures are hereby approved; and it is further

ORDERED, that the Debtor shall have the right, but not to obligation in its business judgment, to elect to conduct separate Auctions for the respective Properties; and it is further

ORDERED, that notice of the contemplated Sale and Auction of the Properties shall be advertised in the *New York Law Journal* no less than two (2) weeks prior to the Auction thereof and shall display signage on the Properties for the same period of time; and it is further

**ORDERED,** that the deadline for submitting bids to become Qualified Bidder shall be no less than thirty-five (35) days after the conveyance of the Properties from Annabelle or PJ (the "Bid Deadline") and should be submitted to Debtor's counsel, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, One North Lexington Avenue, White Plains, New York 10601, Attn: Jonathan S. Pasternak, Esq. and Julie Cvek Curley, Esq., or hand delivered to Debtor's counsel on the date of the Auction no later than one (1) hour prior to the commencement of the Auction; and it is further

**ORDERED,** that MGJR shall be deemed a Qualified Bidder for 84 Clinton, and Other Half shall be deemed a Qualified Bidder for 300 Van Brunt; and it is further

**ORDERED,** that the Debtor shall determine whether a submitted bid is a Qualified Bidder. In the event that a dispute arises between the Debtor and any other party as the whether or not a bidder is a Qualified Bidder, such party may request a determination by this Court; and it is further

**ORDERED**, that if any Qualified Bids are received in accordance with the Bidding Procedures, the Debtor will conduct an Auction before a Court reporter commencing the next business day following the Bid Deadline at 11:00 a.m. (EST) at the United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, Room TO BE DETERMINED, or such other location as may be determined and noticed in advance by the Debtor and timely communicated to all entities entitled to attend the Auction; and it is further

**ORDERED**, that the Debtor may extend the Bid Deadline, adjourn the Auction, or accept a defective Bid, if, in the Debtor's business judgment, such deviation will result in achieving the maximum value for the Properties; and it is further

**ORDERED**, that the Debtor shall designate the Successful Bidder and Back-up Bidder at the conclusion of the Auction; and it is further

**ORDERED,** that if no Qualified Bid, other than the Qualified Bid of Purchaser, is timely received, the Debtor may exercise its right to cancel the Auction, and is authorized to proceed to seek approval of MGJR and/or Other Half's respective Qualified Bid at the Sale Hearing; and it is further

**ORDERED**, that the Termination Fee due MGJR and Other Half under the Clinton PSA and Van Brunt PSA, respectively, is hereby approved and shall constitute an administrative expense of the Debtor's bankruptcy estate pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code to be paid in full at the closing on any Competing Bid, provided, however that the Termination Fee will only be payable upon the closing on an offer made by a party other than MGJR for 84 Clinton, or Other Half for 300 Van Brunt, pursuant to the approved Bidding Procedures; and it is further

**ORDERED,** that a hearing shall be held before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, at the United States Bankruptcy Courthouse (Brooklyn Division), 271-C Cadman Plaza East, Brooklyn,  New York 11201, Courtroom 3529 within seven (7) business days of the Auction, or as soon after as counsel may be heard  (the "<u>Sale</u> <u>Hearing</u>"), to confirm the results of the Auction, authorize the sale of the Properties based upon the results of the Auction, and grant such other related relief as may be deemed necessary or proper by the Court; and it is further

**ORDERED,** that counsel to the Debtor shall file with the Bankruptcy Court a report of Qualified Bids in advance of the Sale Hearing; and it is further

**ORDERED,** that objections to the relief to be considered at the Sale Hearing shall be filed no later than seven (7) days prior to the Sale Hearing before 5:00 p.m. (EST). with the Bankruptcy Court at the Court's website https://ecf.nyeb.uscourts.gov/cgi-bin/login.pl (password and log in required), with a copy delivered directly to Chambers and served upon counsel to the Debtor, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, One North Lexington Avenue, White Plains, New York 10601, Attn: Jonathan S. Pasternak, Esq. and Julie Cvek Curley, Esq, and it is further

**ORDERED**, that, notwithstanding the possible applicability of Bankruptcy Rules 6004(h) and 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that to the extent that this Order is inconsistent with any prior order or pleading with respect to the proposed sale transaction, the terms of this Order shall govern; and it is further;

**ORDERED**, that the Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order; and it is further

**ORDERED**, that the Debtor shall serve this Order along with the Bidding Procedures, (a) by first class mail upon: (i) the Office of the U.S. Trustee; (ii) all taxing authorities; (iii) counsel to MGJR; (iv) counsel to Other Half; (v) all counterparties to each of the Debtor's executory contracts and/or leases; (vi) all known creditors of the Debtor; (vii) all entities known or reasonably believed to have asserted a lien, claim, interest, or encumbrance in the Properties; and (viii) all parties that have requested notice pursuant to Bankruptcy Rule 2002, no less than three (3) days after entry of this order; and (b) by either first class mail or email to all parties who have previously expressed an interest in acquiring any real property in which the Debtor has an interest or who the

Debtor reasonably believes may have an interest in acquiring the Properties, no less than thirty (30) days prior to the Bid Deadline.



**Dated: Brooklyn, New York**
**December 17, 2015**

_____

**Carla E. Craig**
**United States Bankruptcy Judge**